# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARISA ZUNIGA, on behalf of herself
and all others similarly situated,

        Plaintiff,

No. 2:18-cv-00683-KG-KRS

v.

TRUEACCORD,

        Defendant.

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANT'S MOTION TO COMPEL

**THIS MATTER** comes before the Court on Defendant's motion to compel discovery responses. (Doc. 23). The parties reached an impasse over whether: (1) Plaintiff must provide an itemization of and answer questions directed at actual damages; and (2) Plaintiff must produce her retainer agreement with counsel to Defendant to assist in determining Plaintiff's adequacy to serve as class representative. The Court has considered the parties' submissions along with the record available. Having done so, the Court denies Defendant's motion without prejudice.

At the outset, the Court observes that the parties dispute whether they adequately met and conferred on the issues presented to the Court. Rather than attempt to distinguish whose version of events rings most true, the Court will deny the motion without prejudice and return the matter to the parties. *See Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 723 (D.N.M. 2017) (explaining "there must be a conference where the parties come together to compare their views" and "[t]he rules give the lawyers some freedom how to exchange views at the same time, but a conference cannot lose all resemblance to a conference").

In meeting and conferring, the attorneys shall by phone or in a face-to-face meeting discuss all issues germane to this dispute, including: (a) whether Plaintiff is willing to stipulate to

an order that she is seeking only statutory damages; (b) whether, if certified, all class members will elect the same remedy; (b) whether, if unwilling to stipulate, Plaintiff would rather amend her complaint to remove references to actual damages, or Defendant would prefer to file a motion for partial summary judgment on damages; (c) whether Defendant would oppose amendment, or alternatively, Plaintiff would oppose a motion for partial summary judgment on damages; (d) whether something short of Plaintiff's entire retainer agreement with counsel would satisfy Defendant's need to explore adequacy; and (e) whether the motion to compel is premature given the pending dispositive motions.

In the event counsel do not overcome their differences, Defendant may move to compel anew. The parties shall brief the following issues as part of that process: (a) the Court's authority under the Federal Rules of Civil Procedure to fashion a remedy on a motion to compel that includes disposing of a category of damages; (b) the authority of a magistrate judge to enter such an order under 28 U.S.C. § 636; (c) where in the discovery requests Defendant specifically asked Plaintiff to provide her retainer agreement and, if no specific request was made, any case law from this Circuit permitting the Court to construe a more general discovery request to encompass the terms of an attorneys' representation; and (d) the specific relevance of the retainer agreement or any case law from this Circuit that makes production of such an agreement required in all class action lawsuits or the circumstances.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to compel is **DENIED without prejudice**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE