# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARISA ZUNIGA, on behalf of herself
and all others similarly situated,

                Plaintiff,

                                        No. 2:18-cv-00683-KG-KRS

v.

TRUEACCORD,

                Defendant.

## ORDER DENYING
## MOTION TO COMPEL

**THIS MATTER** comes before the Court on Defendant's motion to compel discovery responses. (Doc. 43). The parties reached an impasse over whether Plaintiff must produce to Defendant her retainer agreement with counsel. The Court has considered the parties' submissions along with the record available. Having done so, the Court denies Defendant's motion.

**I.    Background.**

The original deadline for the completion of discovery was April 16, 2019. (Doc. 13). On March 15, 2019, Defendant propounded discovery requests to Plaintiff. Included in the discovery requests was Request for Production No. 15 ("RFP 15"), which sought "… documents or other tangible items which refer to, concern, relate to, or reflect on Plaintiff's adequacy to serve as representative of other persons alleged to be similarly situated in this litigation." (Doc. 23). Plaintiff responded to RFP 15 without objection by response served May 12, 2019, indicating she was not in possession of any responsive documents. (Doc. 23-1; Doc. 25).

The discovery deadline was extended to May 15, 2019 by order filed April 16, 2019 "…to give the parties adequate time to complete the deposition of Plaintiff Marisa Zuniga given that Ms. Zuniga is not able to appear for her deposition previously scheduled on April 17, 2019. This

extension will not affect the remaining pre-trial deadlines." (Doc. 19). Plaintiff's deposition was taken by Defendant on May 14, 2019. During the deposition, counsel for Defendant asked Plaintiff to provide details of the reason why she hired Plaintiff's counsel. (Doc. 23). Defendant argues that the purpose of the aforementioned line of questions was to elicit facts relevant to Plaintiff's adequacy with respect to representation of the proposed class. (*Id.*); *see also* Fed. R. Civ. P. 23(a)(4). During Plaintiff's deposition (Doc. 23-4), in connection with Defense counsel's verbal request that Plaintiff's counsel produce the retainer agreement between Plaintiff and Plaintiff's counsel, counsel had the following exchange:

> Ms. Anderson: That's fine. Do you want to just produce the agreement?
> Mr. Zelman: There's no formal demand at this time.
> Ms. Anderson: I'm making demand now.
> Mr. Zelman: Oh. We'll take 30 days to respond to that under FRCP 34, and you'll have our objections or our responses.
> Ms. Anderson: Okay. And I'll raise that issue with respect to the other objections that you had. We probably will end up filing a motion to compel, and then I'll just include that in there for the convenience of the court, so he can maybe give us a ruling ahead of time.
> Mr. Zelman: Certainly. And just to be clarify, we are going to ask for a formal written demand as a follow-up.
> Ms. Anderson: That's fine. So let me back up. You said that you wanted to help with respect to my terminology –
> Mr. Zelman: Yeah, we don't call them retention agreements. We have – it's a retainer agreement.

The deadline for filing motions related to discovery was May 30, 2019. On May 30, 2019, Defendant filed its Motion to Compel Discovery Responses (referred to as "First Motion to Compel"). (Doc. 23). In the First Motion to Compel, regarding RFP 15 Defendant stated that RFP 15 "asked Plaintiff to produce any and all documents or other tangible items which refer to, concern, relate to, or reflect on Plaintiff's adequacy to serve as representative of other persons alleged to be similarly situated in this litigation." (*Id.*). Defendant then goes on in the First Motion to Compel to mention that after questioning Plaintiff during her deposition regarding her adequacy as a class representative, Defense Counsel asked Plaintiff's Counsel to produce the retention

agreement to Defendant, and points out that Plaintiff's counsel neither agreed nor declined to produce the document. (*Id.*). Defendant argued that "…the scope of Plaintiff's counsel's representation of Plaintiff is relevant to the adequacy of Plaintiff's representation of the class…" so that production of the retention agreement should be compelled. (*Id.*).

In her response to the First Motion to Compel, Plaintiff argued that the motion should be denied due to the failure of Defendant to comply with meet and confer requirements of Fed R. Civ. P. 37(A)(1) and Local Rule 7.1, and argued that production of the retainer agreement could not be compelled because the retainer agreement was not relevant to whether Plaintiff was an adequate class representative, and Defendant had not actually requested the document be produced. (Doc. 25). In its reply, Defendant argued that it had satisfied the requirements of Rule 37 and Local Rule 7.1 and insisted that Plaintiff's deposition testimony had put the retention agreement within the gambit of RFP 15. (Doc. 30).

In disposition of the First Motion to Compel, the Court entered the Order Denying Without Prejudice Defendant's Motion to Compel (referred to as "Order Denying First Motion to Compel"). (Doc. 42). The Order Denying First Motion to Compel required the parties to meet and confer concerning specific topics contained in the order. (*Id.*). The Order Denying First Motion to Compel permitted Defendant to again move to compel if the parties were not able to resolve their disagreements concerning discovery, and required the parties to brief specific issues in the event a motion to compel was again filed. (*Id.*).

On May 30, 2019, Defendant served Defendant's Second Set of Requests for Production of Documents containing Request for Production No. 16 (referred to as "RFP 16"), which provided "Please produce the retainer agreement with Marcus Zelman, LLC about which you testified during your May 14, 2019 deposition." (Doc. 43-2). Pursuant to the Court's Order Denying First Motion to Compel, the parties met and conferred and were able to resolve their disagreements

except those relating to production of the retainer agreement. (Doc. 43). On July 22, 2019 Defendant filed Defendant's Motion to Compel Discovery Responses (referred to as the "Second Motion to Compel") (Doc. 43), wherein Defendant requested the Court "… (1) enter an order to (sic) compelling Plaintiff to provide full and complete responses to Defendant's Requests for Production No.'s 15 and 16 and, to produce the Retainer Agreement between Plaintiff and Plaintiff's counsel." (*Id.*). The parties contentions concerning the Second Motion to Compel are addressed as necessary in connection with the discussion of RFP 15 and RFP 16.

## II. RFP 15.

As in the First Motion to Compel, Defendant argues that production of the retainer agreement should be compelled pursuant to RFP 15. The First Motion to Compel did not address RFP 16, which was propounded the same day the First Motion to Compel was filed. The First Motion to Compel was filed on May 30, 2019, which was the last day that motions related to discovery could be filed pursuant to the Scheduling Order (Doc. 13). Accordingly, the First Motion to Compel as it pertains to RFP 15 was timely filed. And because the Court's Order disposing of the First Motion to Compel permitted Defendant to move to compel anew if the parties were not able to resolve their differences over the retainer agreement, the Court finds that the Second Motion to Compel, as it pertains to documents requested by RFP 15, was timely filed. (Doc. 42).

The Court must next determine whether the retainer agreement should have been produced by Plaintiff pursuant to RFP 15. RFP 15 sought "… documents or other tangible items which refer to, concern, relate to, or reflect on Plaintiff's adequacy to serve as representative of other persons alleged to be similarly situated in this litigation." The starting point for the determination of whether RFP 15 mandated production of the retainer agreement are the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(A) provides that a document demand must "describe with

except those relating to production of the retainer agreement. (Doc. 43). On July 22, 2019 Defendant filed Defendant's Motion to Compel Discovery Responses (referred to as the "Second Motion to Compel") (Doc. 43), wherein Defendant requested the Court "… (1) enter an order to (sic) compelling Plaintiff to provide full and complete responses to Defendant's Requests for Production No.'s 15 and 16 and, to produce the Retainer Agreement between Plaintiff and Plaintiff's counsel." (*Id.*). The parties contentions concerning the Second Motion to Compel are addressed as necessary in connection with the discussion of RFP 15 and RFP 16.

## II. RFP 15.

As in the First Motion to Compel, Defendant argues that production of the retainer agreement should be compelled pursuant to RFP 15. The First Motion to Compel did not address RFP 16, which was propounded the same day the First Motion to Compel was filed. The First Motion to Compel was filed on May 30, 2019, which was the last day that motions related to discovery could be filed pursuant to the Scheduling Order (Doc. 13). Accordingly, the First Motion to Compel as it pertains to RFP 15 was timely filed. And because the Court's Order disposing of the First Motion to Compel permitted Defendant to move to compel anew if the parties were not able to resolve their differences over the retainer agreement, the Court finds that the Second Motion to Compel, as it pertains to documents requested by RFP 15, was timely filed. (Doc. 42).

The Court must next determine whether the retainer agreement should have been produced by Plaintiff pursuant to RFP 15. RFP 15 sought "… documents or other tangible items which refer to, concern, relate to, or reflect on Plaintiff's adequacy to serve as representative of other persons alleged to be similarly situated in this litigation." The starting point for the determination of whether RFP 15 mandated production of the retainer agreement are the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(A) provides that a document demand must "describe with

reasonable particularity" the documents that are being sought. While "what qualifies as 'reasonably particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and to enable the court ... to ascertain whether the requested documents have been produced.'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008), citing Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415.

RFP 15 did not specifically request a retainer agreement, retention agreement, fee agreement, or other agreement between Plaintiff and Plaintiff's counsel. Instead, RFP 15 broadly and vaguely requested "any and all documents or other tangible items which refer to, concern, relate to, or reflect on your adequacy to serve as representative" of the class. The broad and non-specific document demand fails to comply with the particularity requirement of Rule 34(b). "Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity." *Salas v. Facultatieve Techs. the Am.'s Inc.*, 2018 WL 2010522, at *4 (E.D. Cal. Apr. 30, 2018); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 1995 WL 526533, at *3 (D. Kan. Aug. 31, 1995) ("These requests ask for documents 'relevant to,' 'concerning,' which 'refer in any manner to,' or are 'related in any manner to,' 'pertains to,' or are similarly germane to various broad categories of subject matter.... It requires a responding party to exercise unnecessary time and effort to ponder, speculate, and decide to what extent it must rummage through documents to distinguish what is and what is not responsive").

In *Regan-Touhy*, the Tenth Circuit rejected a "kitchen sink" document demand seeking "all documents ... that refer to, mention or relate in any way to Plaintiff, Whitlock, or the litigation or the allegations, facts and circumstances concerning the litigation," for failing to comply with Rule 34(b)(1)(A)'s particularity requirement. 526 F.3d at 649, citing, *Manual for Complex Litigation §*

*11.443*, at 75 ("In overseeing document production, the court should ... prevent indiscriminate, overly broad, or unduly burdensome demands ... such as those for 'all documents relating or referring to' a ... claim...."). The Tenth Circuit therefore upheld the district court's refusal at the Motion to Compel stage to narrow this non-particular discovery demand, holding that:

> Of course, the district court was free to and could have chosen to work with the parties to narrow this or other of Ms. Touhy's discovery requests to the point that they were no longer overbroad. But, at the end of the day, it is the parties' obligation to frame their own discovery requests and to seek to narrow any disputes with opposing counsel; the district court is obliged only to rule on the requests for enforcement or protection eventually presented to it, not to do the parties' work for them by editing discovery requests until they comply with the Federal Rules of Civil Procedure.

*Regan-Touhy*, 526 F.3d at 650 (emphasis added).

Furthermore, the magistrate judge need not exercise his or her discretion to narrow down and tailor an overbroad discovery request for *the* parties. *See, Punt v. Kelly Servs.*, 862 F.3d 1040 (10th Cir. 2017). In *Punt*, the Tenth Circuit emphasized that it is the role of the parties, and not the courts, to propound proper and specific discovery requests:

> Counsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair. The magistrate judge was not required to exercise his discretion to sua sponte fix counsel's errors and assume counsel's responsibility of framing an appropriate discovery request. Plaintiff's proposed holding would encourage attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request. We will not adopt such a rule. Regardless of whether or not Plaintiff could have successfully reopened discovery to make a narrower discovery request later, the magistrate judge acted well within the limits of his sound discretion when he denied Plaintiff's overly broad and unduly burdensome discovery request. We thus affirm the court's discovery ruling.

*Punt*, 862 F.3d at 1046–47.

Here, RFP 15 does not include the particularity required by the Rules. A Rule 34(a) request made with reasonable particularity should not require a reasonable attorney or party attempting to

properly respond "to ponder and to speculate in order to decide what is and what is not responsive." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575–76 (N.D. Tex. 2018), citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 1995 WL 526533, at *3 (D. Kan. Aug. 31, 1995). *See also, Sonnino v. University of Kansas Hospital Authority*, 2004 WL 764085, at *5 (D. Kan.2004) (holding that a request for production that sought "all documents that relate or concern" a particular topic was "either excessively vague or overbroad in scope"). Courts have found discovery requests insufficiently particular where the request "requires the respondent either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Milburn v. Life Inv'rs Ins. Co. of Am.*, 2005 WL 8167673, at *2 (W.D. Okla. Jan. 19, 2005), citing *Sonnino*, 221 F.R.D. at 667.

RFP 15 is so broad and vague that one easily could have been unsure what documents might fall within its ambit. Fee or retainer agreements and other written communications between and attorney and the attorney's client are typically privileged communications. A fee or retainer agreement likely would not even cross a reasonable attorney's mind when evaluating what documents are being requested or should be produced pursuant to a document request such as RFP 15. If the requesting party wished the production of a fee or retainer agreement, the party could easily and specifically request the fee or retainer agreement, thereby removing guesswork and mental gymnastics from the equation. RFP 15 did not adequately notify Plaintiff of the request for a traditionally privileged document.

The objective manifestations of the interpretation that the parties gave to RFP 15 prior to the present dispute is important to the Court in determining whether the retainer agreement should have been produced pursuant to RFP 15. Defendant's argument in the Second Motion to Compel, and the exchange between counsel during Plaintiff's deposition, is instructive of that interpretation. For example, Defendant argues while discussing Plaintiff's deposition testimony that "[f]ollowing

properly respond "to ponder and to speculate in order to decide what is and what is not responsive." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575–76 (N.D. Tex. 2018), citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 1995 WL 526533, at *3 (D. Kan. Aug. 31, 1995). *See also, Sonnino v. University of Kansas Hospital Authority*, 2004 WL 764085, at *5 (D. Kan.2004) (holding that a request for production that sought "all documents that relate or concern" a particular topic was "either excessively vague or overbroad in scope"). Courts have found discovery requests insufficiently particular where the request "requires the respondent either to guess or move through mental gymnastics ... to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Milburn v. Life Inv'rs Ins. Co. of Am.*, 2005 WL 8167673, at *2 (W.D. Okla. Jan. 19, 2005), citing *Sonnino*, 221 F.R.D. at 667.

RFP 15 is so broad and vague that one easily could have been unsure what documents might fall within its ambit. Fee or retainer agreements and other written communications between and attorney and the attorney's client are typically privileged communications. A fee or retainer agreement likely would not even cross a reasonable attorney's mind when evaluating what documents are being requested or should be produced pursuant to a document request such as RFP 15. If the requesting party wished the production of a fee or retainer agreement, the party could easily and specifically request the fee or retainer agreement, thereby removing guesswork and mental gymnastics from the equation. RFP 15 did not adequately notify Plaintiff of the request for a traditionally privileged document.

The objective manifestations of the interpretation that the parties gave to RFP 15 prior to the present dispute is important to the Court in determining whether the retainer agreement should have been produced pursuant to RFP 15. Defendant's argument in the Second Motion to Compel, and the exchange between counsel during Plaintiff's deposition, is instructive of that interpretation. For example, Defendant argues while discussing Plaintiff's deposition testimony that "[f]ollowing

a number of exchanges with Plaintiff wherein she professed confusion concerning the timing of the agreement and the scope of representation, counsel for Defendant made a request for the production of the retainer agreement between Plaintiff and Plaintiff's counsel." (Doc. 43). Defendant then cites the exchange between counsel at the deposition: "**Ms. Anderson**: That's fine. Do you want to just produce the agreement? **Mr. Zelman**: There's no formal demand at this time. **Ms. Anderson**: I'm making demand now. **Mr. Zelman**: Oh. We'll take 30 days to respond to that under FRCP 34, and you'll have our objections or our responses…" (*Id.*). Notably, during the exchange, when Defendant's counsel stated "That's fine. Do you want to just produce the agreement?" Plaintiff's counsel replied that "There's no formal demand at this time". (*Id.*).

Based upon the exchange between counsel, the reasonable inference is that neither Plaintiff's counsel nor Defense counsel read RFP 15 to encompass production of the retainer agreement. When Plaintiff's counsel indicated that there was no formal demand for the retainer agreement, instead of taking the position that production of the retainer agreement had already been requested by RFP 15, Defendant's counsel responded "I'm making demand now." (*Id.*). Certainly, Defendant's counsel knew that while the discovery deadline had been extended to May 15, 2019 to permit the taking of Plaintiff's deposition (Doc. 19), discovery had otherwise terminated on April 17, 2019 (Doc. 13 and 19), approximately one month before the Plaintiff's deposition. Thus, it was crucial to Defendant's position that production of the retainer agreement was previously requested. Notwithstanding that the discovery deadline had passed, Defendant's counsel did not insist that she had already requested production of the retainer agreement, and instead indicated she was "…making demand now".

In conclusion, the Court finds that RFP 15 does not satisfy the "reasonable particularity" of Fed R. Civ. P. 34(b)(1)(A), and therefore did not mandate the production of the retainer agreement between Plaintiff and Plaintiff's counsel.

**III.  RFP 16.**

During Plaintiff's deposition on May 14, 2019, Defendant's counsel verbally demanded production of the retainer agreement. (Doc. 23-4).  Plaintiff's counsel responded that he would require a written demand for production. (*Id.*). On May 30, 2019, Defendant served Defendant's Second Set of Requests for Production of Documents containing RFP 16, which provided "Please produce the retainer agreement with Marcus Zelman, LLC about which you testified during your May 14, 2019 deposition." (Doc. 43-2).  Plaintiff did not respond to RFP 16. (Doc. 43).  On July 22, 2019, Defendant filed the Motion to Compel Production of Retainer Agreement.  (Doc. 43).

RFP 16 easily satisfies the "reasonable particularity" requirement of FRCP 34(b)(1)(A), by specifically identifying the document that was being requested.  However, RFP 16 was served forty-three days after the April 17, 2019 discovery deadline.  Thus, unless one of Defendant's arguments concerning the waiver of objections or regarding the timeliness of RFP 16 have merit, RFP 16 was clearly untimely.

Defendant first argues that fifty-one days had elapsed between when Defendant propounded RFP 16 and when Defendant filed the Second Motion to Compel on July 22, 2019, with no response from Plaintiff, so that she had waived any objection to RFP 16.  Actually, there are fifty-three days after May 30, 2019 through July 22, 2019, but the difference in number of days does not alter the analysis.  The concept of waiver of an objection to a discovery request presupposes a valid discovery request has been propounded.  The Scheduling Order, entered pursuant to Fed. Rule Civ. P. 16, provided "Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline." (Doc. 13).  No party requested that the April 17, 2019 discovery deadline be enlarged to permit written discovery after April 17, 2019.

In support of its argument that it timely requested production of the retainer agreement, Defendant contends it propounded RFP 15 well before the close of discovery. (Doc. 43). As addressed above, however, RFP 15 did not describe the sought-after document with "reasonable particularity," and therefore was insufficient to mandate the production of the retainer agreement.

Defendant points out that counsel made a specific request on the record at Plaintiff's deposition for the production of the retainer agreement "prior to the close of discovery" and the Court should construe the request as timely and compel production. (*Id.*). However, a motion to compel must be connected to the failure of the party from whom discovery is sought to make required disclosures or discovery under one of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *DeWitt v. Southwestern Bell Tel. Co.*, Case No. 12-2605-SAC, 2014 U.S. Dist. LEXIS 22760, at *26 (D. Kan. Feb. 24, 2014) ("The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel."); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (Rule 37 only allows a court to compel production of information based on a formal discovery request under the Federal Rules of Civil Procedure). The verbal demand for production of the retainer agreement made during Plaintiff's deposition does not constitute a formal discovery request under the Federal Rules of Civil Procedure, and may not properly be the subject of a Rule 37 motion.

Furthermore, even if the verbal demand for production of the retainer agreement did constitute a formal discovery request, it was not timely propounded. The termination date for

discovery was April 17, 2019, twenty-eight days prior to the date of the deposition. While the discovery deadline was extended to complete Plaintiff's deposition, the Order extending the discovery deadline to complete the deposition expressly provides that "This extension will not affect the remaining pre-trial deadlines." (Doc. 19). Document discovery had ended twenty-eight days before Plaintiff's deposition, with no request by any party to enlarge the time for document discovery.

Finally, Defendant argues that if the Court finds the request untimely, fairness dictates that the Court allow discovery of the retainer agreement. Defendant highlights that Plaintiff asked Defendant and the Court to reschedule Plaintiff's deposition due to Plaintiff's counsel's mistake as to its location, and that Defendant accommodated rescheduling of the deposition as a matter of courtesy and the parties agreed to an order extending the discovery deadline for the express purpose of taking the deposition. (*Id.*). Defendant continues that "Implicit in the purpose of that Order is that Defendant be allowed to conduct discovery into relevant matters raised as a result of Plaintiff's deposition testimony." (*Id.*). Defendant insists that it only learned of the existence and relevance of the retainer agreement during Plaintiff's deposition and that "Plaintiff should not be allowed to foreclose discovery into matters whose relevance was discovered only at a deposition that was rescheduled to fall outside the original close of discovery at Plaintiff's request." (*Id.*).

However, contrary to Defendant's argument, additional document discovery is not implicit in the Order that extended the time to take Plaintiff's deposition. To the contrary, the Order specifically provides that "This extension will not affect the remaining pre-trial deadlines." (Doc. 19). Furthermore, the untimeliness of Defendant's request for production of the retainer agreement was not precipitated by Plaintiff. Defendant originally scheduled Plaintiff's deposition to occur on April 17, 2019, which was the date for the close of discovery. The Scheduling Order provided that "Discovery must be completed on or before the termination of the discovery deadline. A

written discovery request must be propounded by a date so that the response to that request shall be due on or before the discovery deadline." (Doc. 13). Therefore, even if Plaintiff's deposition had gone forward on April 17, 2019, and had the questioning and exchanges during the deposition then proceeded in precisely the same manner as actually occurred during the deposition on May 14, 2019, and had Defendant propounded a written demand for production of the retainer agreement on April 17, 2019, the demand for production still would have been untimely. The response to a demand for production made on April 17, 2019 would have been due long after the close of discovery on April 17, 2019.

In conclusion, the Court finds that RFP 16 was not propounded timely and there was no valid discovery request to which Plaintiff might be found to have waived the right to object. Both Defendant and Plaintiff made other arguments in connection with the Second Motion to Compel that the Court has not specifically addressed in this Order. The Court finds that those arguments not specifically addressed herein were not necessary to the Court's decision.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to compel production of the retainer agreement is **DENIED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE