IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISA ZUNIGA,

        Plaintiff,

No. 2:18-cv-00683-KG-KRS

v.

TRUEACCORD,

        Defendant.

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

**THIS MATTER** comes before the Court on Plaintiff's motion for attorneys' fees. (Doc. 50). On December 4, 2020, the Court denied Defendant's renewed motion to compel seeking production of Plaintiff's retainer agreement with her attorney. (Doc. 43). As the prevailing party, Plaintiff asks Defendant to pay $2,640 representing 9.6 hours it took her attorney to respond to Defendant's motion, an amount, Plaintiff insists, is considerably less than normal. The bulk of the preparation occurred as part responding to Defendant's original motion to compel. For its part, Defendant disagrees that attorney fees are warranted and insists its motion was substantially justified. The Court has considered the parties' submissions and determines that attorneys' fees are not warranted under the circumstances.

Typically, the Court must order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in opposing a motion to compel discovery if the motion was denied. *See* Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* "Substantial justification" means the moving party had a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Here, Defendant's motion to compel sought Plaintiff's retainer agreement as the class representative in

this case. The Court denied this motion for two reasons. First, the request that specifically asked Plaintiff to produce the document was untimely. Second, to the extent Defendant relied on a timely propounded "catch all" request, that request was too broad for Plaintiff's attorney to divine that it sought the retainer agreement.

As initial matter, federal courts disagree whether, in a class action lawsuit, a retainer agreement has bearing on suitability of a plaintiff to serve as a class representative, among other elements of Federal Rule of Civil Procedure 23. *Compare Richardson v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 161828, at *91 (S.D. W. Va. Nov. 18, 2014) (declining to grant motion compelling production of retainer agreement because Defendant "should be able to explore all of its concerns with plaintiffs without invading the attorney/client privilege") *with Porter v. NationsCredit Consumer Disc. Co.*, 2004 U.S. Dist. LEXIS 13641, at *7 (E.D. Pa. July 8, 2004) (requiring production because "[f]ee agreements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit, and to the question of awarding of attorneys fees upon settlement or judgment"). The Tenth Circuit has not offered any guidance. Considering a lack of controlling authority and the competing positions of other courts, Defendant had a basis in law and fact to ask for Plaintiff's retainer agreement.

Defendant's specific request was, of course, untimely and the timely catch all request for documents that might encompass the retainer agreement was overly broad. At the same time, however, defense counsel did ask during Plaintiff's deposition for the retainer agreement, which occurred within the extended discovery window. Plaintiff's counsel indicated that he would take the full thirty days to respond to the request but did not raise timeliness at that point. Under the Federal Rules and the Court's scheduling order, Defendant was obligated to propound a request for production in writing and with enough time to allow Plaintiff to respond *before* the discovery

period expired. Nonetheless, exercising its discretion, the Court determines that the circumstances militate against an award of fees.

Moreover, while the timely request was broad, at least a colorable argument exists that its language encompassed the retainer agreement. Taking the view of courts that have found relevant and required the production of retainer agreements, the one at issue in this case is a "document[] or other tangible item[] which refer to, concern, relate to, or reflect on [Plaintiff's] adequacy to serve as representative of other persons you allege are similarly situated in this litigation." The Court did not ultimately share Defendant's view and declined to exercise its discretion to narrow the request to include the retainer agreement. But had the Court narrowed the request as it could have, it is unlikely Plaintiff would be seeking fees here. In sum, given the unsettled nature of the law and taking into account the totality of the other circumstances, the Court concludes an award of attorneys' fees is unwarranted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 50) is **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE