IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARISA ZUNIGA, on behalf of herself and
all others similarly situated,

    Plaintiff,

vs.                                            Civ. No. 18-683 KG/KRS

TRUEACCORD,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Supplement Her Complaint (Motion to Supplement), filed June 17, 2019.[1] (Doc. 28). Defendant filed a response on July 1, 2019. (Doc. 32). Plaintiff filed a reply on July 15, 2019. (Doc. 36). Having considered the Motion to Supplement and the accompanying briefing, the Court denies the Motion to Supplement.

*I. Background*

In July 2018, Plaintiff filed a Class Action Complaint (Complaint) in this court. (Doc. 1). Plaintiff alleges that prior to April 20, 2018, she incurred an obligation to Golden Valley Lending. *Id.* at ¶ 12. Plaintiff alleges that Golden Valley Lending or its subsequent owner contracted with Defendant to collect the debt. *Id.* at ¶ 16.

On April 20, 2018, Defendant sent Plaintiff an email stating she has a $1,585.00 balance on her loan from Golden Valley Lending. *Id.* at ¶ 18; (Doc. 1-1) at 1. In the email, Defendant

---

[1] The Court notes that Plaintiff requests oral argument on her Motion to Supplement. The Court, however, does not finds that oral argument will aid the Court in deciding the Motion to Supplement. *See* D.N.M. LR-Cv 7.6(a) ("A motion will be decided on the briefs unless the Court sets oral argument."). Consequently, the Court denies the request for oral argument.

provided Plaintiff with three payment options:  3 installments of $529.00; 6 installments of $265.00; or 9 installments of $177.00.  (Doc. 1-1).  While the email indicates that each installment option equals a total of $1,585.00, in actuality, each of the 3 installments options total more than $1,585.00.  *Id.;* (Doc. 1) at ¶ 21.

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA) by presenting her with installment options that exceed the balance on the Golden Valley Lending loan.  Specifically, Plaintiff brings two FDCPA counts on behalf of herself and a putative class. *Id.* at ¶ 27.  In Count I, Plaintiff alleges a violation of 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Id.* at ¶ 38.  In Count II, Plaintiff alleges a violation of 15 U.S.C. § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect a debt."  *Id.* at ¶ 43.

In November 2018, the Magistrate Judge entered a Scheduling Order in which discovery would terminate on April 17, 2019, and class certification and dispositive motions were due on June 17, 2019.  (Doc. 13) at 2.  In April 2019, the Magistrate Judge extended the discovery deadline to May 15, 2019, in order to allow Defendant to depose Plaintiff.  (Doc. 19).  To date, the Court has not set this matter for trial nor has it set a pretrial conference.  All other pretrial deadlines have expired.  *See* (Doc. 13) at 1.

On May 7, 2019, Plaintiff received an email from Defendant notifying her that it had updated the balance on the Golden Valley Lending loan to $2,170.00.  (Doc. 28-4) at 1. Defendant contends that an automated email system sent the May 7, 2019, email to Plaintiff. According to Defendant, neither Defendant nor its counsel was aware of the email.  On the

afternoon of May 10, 2019, a Friday, Plaintiff forwarded the May 7, 2019, email to her attorney. *Id.*

On Sunday, May 12, 2019, Plaintiff's counsel emailed Defendant's counsel about the May 7, 2019, email.  (Doc. 36-2).  Plaintiff's counsel stated in the email that the May 7, 2019, email is "in direct violation of 15 USC [sic] 1692c(a)(2)."[2]  *Id.*  Plaintiff's counsel also asked Defendant's counsel to instruct Defendant "to cease any direct communication with" Plaintiff. *Id.*  Finally, Plaintiff's counsel stated that he "intend[s] to discuss supplementing our pleadings, to include this new claim, with you following the deposition of [his] client on Tuesday." *Id.* Plaintiff's counsel apparently did not attach the May 7, 2019, email to the above email, so Plaintiff's counsel forwarded the May 7, 2019, email to Defendant's counsel the next day, May 13, 2019.  (Doc. 28-2) at ¶ 5.

On May 14, 2019, Defendant deposed Plaintiff.  (Doc. 32-1).  Defendant's counsel did not question Plaintiff about the May 7, 2019, email. *Id.*

On June 17, 2019, the deadline for filing a motion for class certification and dispositive motions, Plaintiff filed a motion for class certification and Defendant filed a motion for summary judgment.  (Docs. 26 and 29).  The parties have completed briefing on those two motions, which are pending.

Also, on June 17, 2019, Plaintiff filed the Motion to Supplement.  Plaintiff moves under Fed. R. Civ. P. 15(d) to supplement her Complaint by adding an individual Section 1692c(a)(2) claim based on the May 7, 2019, email.  Defendant opposes the Motion to Supplement on the

---

[2] Section 1692c(a)(2) provides that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-- … if the debt collector knows the consumer is represented by an attorney with respect to such debt…."

following grounds: allowing a supplemented complaint will prejudice Defendant, "allowing leave to add an individual claim to a class action is prohibited," and Plaintiff can file her individual claim in a separate lawsuit. *See* (Doc. 32) at 5.

II. Discussion

    A. Rule 15(d)

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of a supplemented complaint is to "promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

Leave to serve a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendant[ ]." *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989) *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010). In fact, "[t]he court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion [to amend the complaint] under Rule 15(a)." *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.,* 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (citing *First Savings Bank v. U.S. Bancorp,* 184 F.R.D. 363, 368 (D. Kan. 1998)); *see also Glatt v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996) (stating that standard for Rule 15(d) "is the same" as for Rule15(a)).

As an initial matter, Defendant argues that the liberal standard for granting a Rule 15(d) motion to supplement does not apply in the context of a class action lawsuit. Defendant cites

*Mogel v. UNUM Life Ins. Co.* for the proposition that "the liberal amendment policies of Rule 15(a) seem somewhat out of place" in the context of a class action lawsuit. 677 F.Supp.2d 362, 365 (D. Mass. 2009). In *Mogel*, the court had before it a motion to amend the complaint and to file a renewed motion for class certification. *Id.* at 364. The court found that the Rule 15(a) liberal amendment policies "seem somewhat out of place" when the plaintiffs' "primary goal" was to obtain leave to file a renewed motion for class certification. *Id.* at 365. In discussing whether to grant leave to file a renewed motion for class certification, the court agreed with the defendant "that the instant motion requires the application of a stricter standard than Rule 15(a) motions to amend." *Id.* On the other hand, the court acknowledged that "leave to amend is often 'freely given,'" unless undue prejudice, among other things, exists. *Id. Mogel*, therefore, stands for the proposition that the Rule 15(a) liberal standard does not apply when a court considers whether to grant a motion for class certification, which is not the case here. Plaintiff simply seeks to file a supplemented complaint. Consequently, *Mogel* does not support Defendant's assertion that the Court must apply a stricter standard to decide this Rule 15(d) motion.

    B. *Prejudice*

Defendant argues that allowing a supplemented complaint will prejudice it because discovery has already closed, and Defendant received the May 7, 2019, email only a day before Plaintiff's deposition. If the Court grants the Motion to Supplement, Defendant asserts that the Court would need to reopen discovery, which would include producing documents regarding Defendant's automated email system; questioning defense witness Roger Lai, Defendant's Director of Product, about the automated email system; and deposing "Plaintiff's attorneys regarding the scope of their representation to determine if the agreement between Plaintiff and her attorneys encompassed the [new] claim." (Doc. 32) at 4. Defendant also asserts that it may

tender the "new claim to the creditor who relisted the debt with Defendant despite being on notice of this suit" and may join "that creditor as a party to this suit." *Id.*

The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (citation omitted). "[T]his occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* In that situation, the need for additional discovery likely exists and delay in resolving the original dispute will also likely ensue. *See City of New York v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (citation omitted) (noting that "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute"); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (observing that "[p]utting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial") (citation omitted). On the other hand, a party suffers minimal prejudice if there is "significant overlap" between the existing claims and the proposed claims. *Minter*, 451 F.3d at 1208.

The Court notes first that Plaintiff bases the individual claim and the class action claims on different emails and different FDCPA provisions. Consequently, Plaintiff's individual claim does not "significantly overlap" the class action claims. As such, the individual claim raises new factual and legal issues.

Moreover, although the Court has not yet set a trial date, all pretrial deadlines have expired. Assuming, as Plaintiff argues, that Defendant had an opportunity to depose Plaintiff on the May 7, 2019, email, and that the Court grants the Motion to Supplement, the Court would, at a minimum, need to reopen other means of discovery to address issues regarding the automated email system.[3]  Also, if the Court grants the Motion to Supplement and permits limited discovery, then the Court would necessarily need to reset other pretrial deadlines, including, for example, a discovery motions deadline, dispositive motions deadline, and experts deadline. Furthermore, the Court may need to rule on a possible motion to join a party. This additional litigation will prolong this lawsuit for many months, a lawsuit that has already been pending for almost two years. Even applying a liberal standard for granting Rule 15(d) motions, allowing a supplemented complaint, in this case, will unreasonably delay trying the existing unrelated class action claims. For all of the above these reasons, the Court concludes that granting the Motion to Supplement will unduly prejudice Defendant.[4]

Plaintiff appears to anticipate this ruling by offering the following:

> Assuming that this Court is satisfied that Plaintiff's new FDCPA claim can safely be asserted in a separate lawsuit, with no later concerns of claim preclusion or claims splitting, then the Plaintiff is agreeable to withdrawing the request for relief in the instant Motion to Supplement.

(Doc. 36) at 5. The Court, however, cannot predetermine the preclusive effect of this class action lawsuit on a separate lawsuit based on Plaintiff's individual claim. *See* Gensler and Mulligan, 1 *Federal Rules of Civil Procedure* Rule 23, Practice Commentary (updated Feb.

---

[3] The Court fails to see the relevance of deposing Plaintiff's attorneys regarding the scope of their representation of Plaintiff on the matter of her individual claim.

[4] Considering this conclusion, the Court need not address Defendant's argument that Plaintiff cannot add an individual claim to a class action lawsuit.

2020) (stating that "[i]t is hornbook law that courts do not have the power to 'predetermine' the preclusive effect of their judgments"). "Ultimately, the preclusive effect of the class action judgment will be determined by the court that is hearing the later suit when the defendant raises the judgment as being preclusive." *Id.*

Without predetermining any preclusive effect of this class action lawsuit on a subsequent lawsuit raising Plaintiff's individual claim, the Court points out that the following cases strongly suggest that neither *res judicata* nor claim splitting principles will preclude Plaintiff from pursing her individual claim in a separate lawsuit. For instance, *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 880-82 (1984), a United States Supreme Court case discussing *res judicata* and class actions, held that "a class action judgment … binds the class members as to matters actually litigated but does not resolve any claim based on individual circumstances that was not addressed in the class action." *Cameron v. Tomes*, 990 F.2d 14, 17 (1st Cir. 1993). In *Akootchook v. United States*, the Ninth Circuit found no *res judicata* where appellants filed separate claims in a lawsuit that were legally distinct from the claims raised in a related class action lawsuit. 271 F.3d 1160, 1164–65 (9th Cir. 2001) (also holding that appellants' separate claims were not common to class members' claims so separate claims "would have been counter to the express requirements for class certification in Rule 23(b)(2)"). Moreover, the Second Circuit recognizes that "once a complaint is filed, a 'plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims.'" *Rivera v. City of New York*, 594 Fed. Appx. 2, 5 (2d Cir. 2014) (quoting *Curtis v. Citibank,* 226 F.3d 133, 139 (2d Cir. 2000)). Accordingly, a "Plaintiff's failure to supplement the pleadings of his already commenced lawsuit will not result in a res judicata bar when he alleges defendant's later conduct as a cause of action in a second

suit." *Id.* (quoting *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997)). The Fourth Circuit also acknowledges that "a class action, 'of course, is one of the recognized exceptions to the rule against claim-splitting.'" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 432 (4th Cir. 2003) (quoting 18 *Moore's Federal Practice* § 131.40[3][e][iii] (2002)).

*C. Conclusion*

Even considering the liberal standard for granting Rule 15(d) motions, allowing Plaintiff to supplement her class action Complaint at this late stage of the litigation with a separate individual claim not arising from the facts supporting the class action claims will unduly prejudice Defendant. Hence, the Court exercises its discretion to deny the Motion to Supplement.

Furthermore, the Court does not accept Plaintiff's invitation to predetermine whether the judgment in this class action lawsuit will preclude her from pursuing her individual claim in a separate lawsuit.

IT IS ORDERED that

1. Plaintiff's request for oral argument is denied; and
2. Plaintiff's Motion to Supplement Her Complaint (Doc. 28) is denied.

_____
UNITED STATES DISTRICT JUDGE